**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. 1:21-cv-21044-JLK

RYDER TRUCK RENTAL, INC.,

    Plaintiff,

v.

CHANJE ENERGY, INC. and
FDG ELECTRIC VEHICLES
LIMITED,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR ENTRY OF
<u>DEFAULT JUDGMENT AGAINST DEFENDANT CHANJE ENERGY, INC</u>**

Pursuant to Federal Rule of Civil Procedure 55(b)(1), Plaintiff Ryder Truck Rental, Inc. ("Ryder" or "Plaintiff"), by and through undersigned counsel, hereby moves for the entry of a default judgment by the Clerk against Defendant Chanje Energy, Inc. ("Chanje"), and in support thereof Ryder states as follows:

**<u>BACKGROUND</u>**

On March 17, 2021, Ryder filed its Complaint against Defendants Chanje and FDG Electric Vehicles Limited. *See* ECF No. 1. On March 19, 2021, Ryder properly served Chanje with a Summons and copy of the Complaint via Chanje's registered agent in Delaware. *See* ECF No. 5 (notice of service). Chanje still has not filed a response to the Complaint, as required by Fed. R. Civ. P. 12, thereby failing to plead or otherwise defend against this action. On June 16, 2021, a Clerk's Default was entered against Chanje for failure to appear, answer, or otherwise plead to the

complaint filed within the time required by law.  *See* ECF No. 8 (Clerk's Default), attached hereto as Exhibit "1."  Three weeks after the default was entered on June 16, 2021, Chanje's counsel has just filed notices of appearance [ECF Nos. 11 and 12], but belated and untimely appearances do not negate the default already entered – nor do they change the relief that Ryder is entitled to.

Ryder now moves for the Clerk to enter a default judgment against Chanje because its claims against Chanje are for a sum certain already computed and described in detail in the Complaint and the attached supporting Declaration.  *See* Declaration of Ryder Truck Rental, Inc., attached hereto as Exhibit "2."[1]  Ryder brought this lawsuit against Chanje to recover damages from Chanje's failure to satisfy payment obligations under two separate promissory notes, which were created as a result of Chanje's failure to fulfill numerous obligations spanning multiple agreements between the parties.  *See* Compl. ¶ 1.

In March 2017, Ryder and Chanje entered into the Vehicle Service and Parts Distribution Agreement (the "Vehicle Agreement"), wherein they contracted to exchange services and payment.  *See id.* ¶ 14.  The Vehicle Agreement includes specific warranties, obligations, and requirements which were breached by Chanje after multiple failures to deliver product and payment.  *See id.* ¶¶ 17-20.  Chanje has accepted responsibility for its indebtedness to Ryder via the creation of two promissory notes that are at issue in this Action.  *See id.* ¶¶ 22-69.

**A. The Overpayment Promissory Note**

The first promissory note dated February 28, 2019 promises to pay Ryder the principal amount of $770,000.  *See id.* ¶ 41; *see also* Compl., Ex. D (the "Overpayment Promissory Note"). Chanje owes $770,000 to Ryder as a result of Ryder making an overpayment for certain vehicles

---

[1]  Pursuant to 28 U.S.C. §1746 and Section 92.525, Fla. Stat., any matter required to be supported or proved by sworn affidavit may, with like force and effect, be supported, evidenced, established, or proved by a declaration signed under penalty of perjury, like the Declaration here.

pursuant to a June 2017 Purchase Order entered into after the Vehicle Agreement. *See id.* The basis for the $770,000 is as follows:

On June 26, 2017, Ryder made an initial deposit in the amount of $4,375,000 for 125 Chanje vehicles ordered in the June 2017 Purchase Order. *See id.* ¶¶ 22, 25. The Purchase Order required an initial deposit of $35,000 per vehicle (the "initial deposit") upon execution of the Purchase Order and a remaining balance of $10,000 per vehicle upon delivery (the "remaining balance payment"). *See id.* ¶ 24. As of December 2017, only 22 of the 125 Chanje vehicles had been delivered. *See id.* ¶ 26. Pursuant to the Purchase Order, Ryder was required to remit the remaining $10,000 balance payment for those 22 vehicles. *See id.* However, on December 7, 2017, Ryder made a payment for those 22 vehicles in the mistaken amount of $45,000 per vehicle (the entire cost of the vehicle), rather than the remaining balance due of $10,000 per vehicle. *See id.* ¶ 27. As a result, Ryder had made an overpayment of $35,000 per vehicle for the 22 vehicles that had been delivered, amounting in a total overpayment of $770,000 (the "Overpayment Amount"). *See id.* ¶ 28.

Chanje has acknowledged the overpayment, but retained the Overpayment Amount and has not returned the funds, while also acknowledging at all times that the Overpayment Amount is due back to Ryder. *See id.* ¶ 32. To memorialize its obligation to return these funds, Chanje executed the Overpayment Promissory Note in February 2019 for $770,000. *See id.* ¶ 42. Since then, Chanje has only paid $500,000 towards the Note, leaving an outstanding balance of $270,000. *See id.* ¶ 42. Chanje has not made any more payments towards the Overpayment Promissory Note and has missed the last payment date, resulting in a breach of its obligations under the Note and a Default under the Note's terms. *See id.* ¶¶ 43, 44. Chanje must pay Ryder the remaining $270,000 due under the Overpayment Promissory Note as a result of the breach and

default.

### B. The $3.5M Promissory Note and Side Letter Agreement

Chanje executed a second promissory note on November 13, 2019, unconditionally promising to pay Ryder the principal amount of $3,500,000 for the return of the remainder of the deposit that Ryder had originally submitted for vehicles that were not ultimately delivered. *See id.* ¶ 50. Chanje owes Ryder $3,500,000 because Ryder only received **25** out of the **125** vehicles that it submitted a deposit for under the 2017 Purchase Order; 100 vehicles were never delivered. *See id.* ¶ 34. The deposit for those 100 undelivered vehicles was $3,500,000. *See id.* ¶ 38. Chanje advised Ryder that it could not meet its obligation to deliver the remaining 100 vehicles, and as a result Ryder terminated the 2017 Purchase Order, therefore requiring Chanje to refund the deposit for those undelivered vehicles (the "$3.5M Termination Reimbursement Amount"). *See id.* ¶¶ 35, 36, 38.

Ryder has demanded the return of the $3.5M Termination Reimbursement Amount and Chanje has acknowledged its obligations to refund the money, as well as the necessity of that reimbursement, through e-mails and phone calls – but it has not refunded such funds to Ryder. *See id.* ¶ 39. To memorialize this (additional) debt, Chanje executed a second promissory note (the "$3.5M Promissory Note") for $3,500,000. *See* Compl., Ex. E. Chanje executed a Side Letter Agreement along with the second note, which stated that Ryder is entitled to a full refund of $3,500,000, and further agreed that the refund should be made in the form of a credit deducted from the purchase price of vehicles ordered in a separate purchase order involving leases to FedEx (the FedEx separate and newer purchase order was for the purchase of 900 vehicles to be leased by FedEx).[2] *See* Compl., Ex. F. The Side Letter Agreement stated that in the event that Chanje failed

---

[2]    The FedEx purchase order was entered into in November 2018.

to deliver at least 700 vehicles under the FedEx purchase order by December 1, 2020, then Ryder "shall be entitled to declare the balance of the principal amount under the [$3.5M] Promissory Note (less any Vehicle Credits) as immediately due and payable." *Id.* Chanje did not meet its obligations and deliver the 700 vehicles under the FedEx purchase order, therefore the Side Letter Agreement was breached and the $3.5M Purchase Order became immediately due and recoverable. *See id.* ¶¶ 54-62. Chanje has not paid anything towards the $3.5M Promissory Note and is accordingly in breach and default of the Note according to its terms. *See id.* ¶¶ 62, 63.

### C. Ryder's Damages and Claims

Chanje has failed to pay the total amounts of the two promissory notes upon their coming due. Chanje owes $270,000 on the Overpayment Promissory Note and $3,500,000 on the $3.5M Promissory Note, totaling an indebtedness of $3,770,000.00. Attached to this Motion is Ryder's Declaration, signed under penalty of perjury, verifying the outstanding amounts due and including each of the supporting documents evidencing this lump sum due to Ryder. *See* Ex. 2 (the "Ryder Declaration," ¶¶ 4-41).

Ryder filed the instant lawsuit to recover these damages. Ryder's action is adequately pled and fit for default judgment. For example, Counts I through III in the Complaint alone state sufficient allegations to support the default on both Promissory Notes.

Ryder respectfully requests that the Clerk enter default judgment against Chanje on these well-pled claims and award the damages of $3,770,000.00, in addition to the cost of filing the instant action ($402.00), for a total award of $3,770,402.00.

### MEMORANDUM OF LAW

Once a default has been entered, a plaintiff may move for the Clerk to enter a default judgment pursuant to Rule 55(b)(1), which states: "If the plaintiff's claim is for a sum certain or

a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).  Pursuant to this rule, a plaintiff "is entitled to final judgment for the liquidated sums sought in [a] case," where the damages "are capable of mathematical computation or ascertainment from definite figures conducted in the documentary evidence or in detailed affidavits."  *Suntrust Bank v. Milano*, 810-CV-01258-EAK-TBM, 2010 WL 2804855, at *1 (M.D. Fla. July 15, 2010).  The Court need not hold an evidentiary hearing to determine damages where all essential evidence is of record.  *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citations omitted).

Further, liability is "established by the entry of a default" and a court may enter default judgment "if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment." *A.A. Metals, Inc. v. Sols. In Stainless, Inc.*, 613-CV-330-ORL-31-DAB, 2013 WL 12207503, at *1 (M.D. Fla. May 6, 2013), *report and recommendation adopted*, 613-CV-330-ORL-31-DAB, 2013 WL 12205841 (M.D. Fla. May 23, 2013); *see also Cotton v. Mass. Mut. Life Insurance Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact"); *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987)(same).

## ARGUMENT

Ryder's evidentiary support of its certain damages and its well-pled Complaint and attachments warrant entry of a default judgment against Chanje.  Ryder's submissions demonstrate that "Plaintiff's claim is for a sum certain and Plaintiff has submitted sufficient evidence to support its request for damages," and accordingly the Clerk must enter default judgment.  *Transp. All.*

6

*Bank Inc. v. Morex Auto. Corp.*, 1:19-CV-22082-JLK, 2019 WL 6727854, at *1–2 (S.D. Fla. Dec. 11, 2019) (**King, J.**). Further, default judgment is appropriate because Ryder's factual allegations for each of its causes of action are legally sufficient and are "deemed admitted" due to Chanje's default. *Id.*

## I. Ryder's Claims Are for a Sum Certain

Ryder's claims are for a sum certain – warranting the Clerk to enter default judgment – because the Overpayment Promissory Note and the $3.5M Promissory Note undeniably establish the amounts for which Chanje is liable (and have been attached to the Complaint since its inception in Exhibits D and E). Ryder's Declaration evidences that Chanje has only paid $500,000 towards the Overpayment Promissory Note, leaving a balance of $270,000 that has not been paid. *See* Ryder Decl. ¶ 24. Further, the Declaration states that Chanje has not paid ***anything*** towards the $3.5M Promissory Note, resulting in a balance of $3,500,000 under that second note. *See id.* ¶ 27. Accordingly, Ryder's Declaration, declared under penalty of perjury, proves that the sum certain due upon a default judgment is $**3,770,402.00**. *See id.* ¶¶ 38, 39 (totaling the damages amount and cost of filing the lawsuit). Where the "Complaint includes attached unpaid invoices and sets forth a specific amount due" and the "motion is accompanied by an Affidavit which provides evidentiary support for the requested judgment," like here, the "entry of a judgment is appropriate." *A.A. Metals, Inc*, 2013 WL 12207503, at *1; *see also Suntrust Bank v. Milano*, 810-CV-01258-EAK-TBM, 2010 WL 2804855, at *1 (M.D. Fla. July 15, 2010) (holding the plaintiff was entitled to final judgment for the liquidated sums sought because it evidenced the amount due under the instrument in an affidavit that the court found "sufficient to support Plaintiff's damages claim").

## II. Ryder's Claims Are Legally Sufficient to Obtain Default Judgment

Default judgment is also warranted because there is a sufficient basis in the pleadings for

the relief requested in each of Ryder's causes of action. At the outset, Counts I through III for breach of contract (under the various agreements) are sufficiently pled and proven. The elements of a breach of contract action are "(1) a valid contract; (2) a material breach; and (3) damages." *Abbott Lab'ys, Inc. v. Gen. Elec. Cap.*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). Ryder has attached all of the contracts to the Complaint and thereby established each is valid: including the Overpayment Promissory Note, the $3.5M Promissory Note, the Side Letter Agreement, and the Vehicle Agreement. *See* Compl., Exs. D, E, F, and A. Ryder's allegations that those contracts have been breached (by lack of payment, failure to obtain insurance, and other actions) are well-pled facts that were admitted upon Chanje's default. *See* Compl. ¶¶ 93-114. Lastly, the damages of $3,770,000.00 for those breaches are clear under the corresponding promissory notes and reaffirmed by the Ryder Declaration. *See* Compl. ¶¶ 14-92; Compl., Exs. D, E; Ryder Decl. ¶¶ 25, 34, 35, 38.

Ryder's Count IV for fraudulent misrepresentation is equally sufficiently pled. Florida law requires four elements to establish a claim of fraudulent misrepresentation: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Trinidad & Tobago Unit Tr. Corp. v. CB Richard Ellis, Inc.*, 280 F.R.D. 676, 680 (S.D. Fla. 2012) (citing *Butler v. Yusem,* 44 So.3d 102, 105 (Fla. 2010)). Here, Chanje made multiple false statements regarding material facts: misrepresenting that it would deliver certain vehicles to Ryder knowing it could not do so; misrepresenting that it would make certain payments after defaulting on the two promissory notes, knowing it could not make those payments; and misrepresenting that if Ryder would forbear exercising its rights under those two promissory notes, Chanje would make payments in 2021, including one by January 31, 2021,

knowing it could not make such payments. *See* Compl. ¶¶ 116-118. Ryder adequately alleged that Chanje made the representations in multiple forms with the intent to induce Ryder into forbearing its rights; which it did, and was damaged as a result in the amount of the notes. *See id.* ¶¶ 119-122. Again, these well-pled allegations were deemed admitted when Chanje defaulted, so Count IV is also legally sufficient.

Lastly, Count V for unjust enrichment likewise includes the "allegations of all the necessary elements required for entitlement to relief." *Transamerica Life Ins. Co. v. White as Tr. of Lawrence E. White Tr.*, 6:20-CV-2258-ACC-GJK, 2021 WL 2143583, at *1–3 (M.D. Fla. May 4, 2021), *report and recommendation adopted sub nom. Transamerica Life Ins. Co. v. White*, 6:20-CV-2258-ACC-GJK, 2021 WL 2139054 (M.D. Fla. May 26, 2021). The elements of a cause of action for unjust enrichment are "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Hillman Const. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994). Here, Ryder properly alleges (in the alternative to the breach of contract claims) that Chanje has been unjustly enriched by its actions. *See* Compl. ¶¶ 124-131. Ryder conferred benefits on Chanje by delivering vehicles and by providing forbearance of pursuing its recovery rights; yet Chanje accepted those benefits and has not paid the value thereof by making the promised payments. *See id.* ¶¶ 126-131. These facts were, again, admitted upon default.

In the event that the Court does not award default judgment as to Counts IV or V, Counts I, II and III alone support the relief requested in the form of simple contract breaches.

Because Ryder's "allegations are well-pled and sufficient to establish [Chanje's] liability" and Ryder's claims are "for a sum certain and Plaintiff has submitted sufficient evidence to support

its request for damages," the Clerk must enter default judgment against Chanje.

## CONCLUSION

For the foregoing reasons, Ryder Truck Rental, Inc. respectfully requests that the Clerk enter default judgment against Defendant Chanje Energy, Inc in the amount of $**3,770,402.00**.

Dated: July 2, 2021

                                                  Respectfully submitted,

                                                  */s/ Marty Steinberg*
                                                  Marty Steinberg
                                                  Florida Bar No. 187293
                                                  Paige Comparato
                                                  Florida Bar No. 1002942
                                                  marty.steinberg@hoganlovells.com
                                                  paige.comparato@hoganlovells.com
                                                  beth.moon@hoganlovells.com (secondary)

                                                  **HOGAN LOVELLS US LLP**
                                                  600 Brickell Avenue, Suite 2700
                                                  Miami, Florida 33131
                                                  Tel: 305-459-6500
                                                  Fax: 305-459-6550

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  By: */s/ Marty Steinberg*
                                                      Marty Steinberg
                                                      Florida Bar No. 187293