**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:21-cv-21044-JLK

RYDER TRUCK RENTAL, INC.,

    Plaintiff,

v.

CHANJE ENERGY, INC. and
FDG ELECTRIC VEHICLES
LIMITED,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S**
**DEFAULT AS TO DEFENDANT FDG ELECTRIC VEHICLES LIMITED**

Plaintiff Ryder Truck Rental, Inc. ("Ryder" or "Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 55, hereby moves the Clerk for an Entry of Default against Defendant FDG Electric Vehicles Limited ("FDG"), and in support thereof state as follows:

1. On March 17, 2021, Ryder filed its Complaint against Defendants Chanje Energy, Inc. ("Chanje") and FDG Electric Vehicles Limited [ECF No. 1].

2. On March 19, 2021, Ryder properly served Defendant Chanje with a Summons and copy of the Complaint via Chanje's registered agent in Delaware.  A copy of the Notice of Service of Process is attached hereto as Exhibit A [ECF No. 5].

3. On June 15, 2021, Ryder filed a Motion for Order Authorizing Alternative Service of Process on Defendant FDG [ECF No. 6, the "Motion for Alternative Service].

4. Also on June 15, 2021, Ryder filed a Motion for Clerk's Default against Defendant Chanje due to Chanje's failure to respond to the Complaint [ECF No. 7].

5. On June 16, 2021, a Clerk's Default was entered against Chanje for failure to appear, answer, or otherwise plead to the complaint filed within the time required by law [ECF No. 8 (Clerk's Default against Chanje)].

6. That same day, the Court also referred the Motion for Alternative Service to Magistrate Judge Becerra [ECF No. 10].

7. On July 2, 2021, after no response to the Clerk's default as to Defendant Chanje had been entered into the record, Ryder filed a subsequent Motion for Default Judgment against Chanje [ECF No. 13]. That motion is still pending with the Court.

8. On August 8, 2021, Magistrate Judge Becerra granted Ryder's Motion for Alternative Service on Defendant FDG [ECF No. 14].

9. On September 21, 2021, Ryder served FDG with the Complaint via email pursuant to the Court's Order authorizing that method of alternative service.

10. On September 23, 2021, Ryder filed a Notice of Service Via Court-Approved Alternative Method for Service of Process utilizing the court-authorized method [ECF No. 23].

11. Once served with a complaint, Defendant FDG had twenty-one (21) days to respond from the date of service. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

12. As of the filing of this Motion (11-16-21), many more than 21 days have elapsed without a response (or any other filing for that matter) since Defendant FDG was served with the Complaint – indeed, *55 days* have passed.

13. Federal Rule of Civil Procedure 55(a) provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

2

failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).

14. Accordingly, like the Clerk entered the requisite default against Defendant FDG, a default must be entered against FDG.

15. A proposed Clerk's Default is attached hereto as Exhibit B.

WHEREFORE, Ryder respectfully requests that the Clerk enter a default against Defendant FDG.

Dated: November 16, 2021

Respectfully submitted,

/s/*Marty Steinberg*
Marty Steinberg
Florida Bar No. 187293
Paige Comparato
Florida Bar No. 1002942
marty.steinberg@hoganlovells.com
paige.comparato@hoganlovells.com

**HOGAN LOVELLS US LLP**
600 Brickell Avenue, Suite 2700
Miami, Florida 33131
Tel: 305-459-6500
Fax: 305-459-6550

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 16th day of November, 2021, using the Court's CM/ECF system, which will automatically send notice and a copy of same to all counsel of record.

By: /s/ *Marty Steinberg*
   Marty Steinberg