**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:21-cv-21044-JLK/Becerra

RYDER TRUCK RENTAL, INC.,

      Plaintiff

v.

CHANJE ENERGY, INC. and FDG ELECTRIC
VEHICLES LIMITED,

      Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** came before the Court on Plaintiff Ryder Truck Rental, Inc.'s ("Plaintiff")

Motion for Entry of Clerk's Default Judgment against Defendants Chanje Energy, Inc. ("Chanje")

and FDG Electric Vehicles Limited ("FDG") (collectively "Defendants").   ECF No. [18].

Defendants did not file a response to the Motion and the time to do so has passed.   Upon due

consideration of Plaintiff's Motion, the pertinent portions of the record, and being otherwise fully

advised in the premises, it is hereby **RECOMMENDED** that the Motion be **GRANTED IN**

**PART AND DENIED IN PART**.

### I.   BACKGROUND

This case stems from Defendants' failure to deliver certain electric vehicles ordered by

Plaintiff.   Plaintiff and Defendant Chanje entered into a Vehicle Service and Parts Distribution

Agreement (the "Vehicle Agreement") on March 17, 2017.   ECF No. [1] ¶ 13.   Thereafter,

Defendant FDG executed a Joinder Agreement for the purpose of becoming a party to the Vehicle

---

[1] This matter was referred to the undersigned by the Honorable James Lawrence King,
Senior United States District Judge.  ECF No. [16].

Agreement.  *Id.* ¶ 21.  Pursuant to the Vehicle Agreement and subsequent Joinder Agreement, Plaintiff agreed to purchase 125 vehicles from Defendant Chanje for which it paid an initial deposit of $4,375,000 ($35,000 initial deposit per vehicle).  *Id*. ¶¶ 23–25.  By December 2017, only 22 vehicles had been delivered by Defendant Chanje.  *Id.* ¶ 26.  Plaintiff states that on December 7, 2017, it fully paid for the 22 vehicles that had been delivered.  *Id.* ¶ 27.  However, Plaintiff mistakenly paid $45,000 per vehicle, the full price, as opposed to $10,000 per vehicle, the remaining balance based on the initial deposit.  *Id.* ¶¶ 27–28.  Thus, Plaintiff demanded that Defendant Chanje return the amount it overpaid ($35,000 for each of the 22 vehicles for a total of $770,000), but Defendant Chanje refused to do so.  *Id.* ¶ 29.  Instead, Defendant Chanje delivered three more vehicles and advised that it could not meet its obligation to deliver the remaining 100 vehicles.  *Id.* ¶ 33.  As such, Plaintiff demanded a refund of its deposit for the 100 undelivered vehicles ($3,500,000), along with the overpayment amount ($770,000), a total of $4,270,000.  *Id.* ¶¶ 38–40.

Based on Defendants' indebtedness to Plaintiff, two promissory notes were executed.  *Id.* ¶ 40.  The first promissory note, dated February 28, 2019, provides that Defendant Chanje, as the borrower, and Defendant FDG, as the guarantor, are indebted to Plaintiff in the principal amount of $770,000 (the "First Promissory Note").  *Id.* ¶ 41.  Defendants paid $500,000 of the $770,000 due under the First Promissory Note, thereby leaving an outstanding balance of $270,000.  *Id.* ¶ 42.  In addition, Plaintiff and Defendant Chanje executed a second promissory note on November 13, 2019, which provides that Defendant Chanje is indebted to Plaintiff in the principal amount of $3,500,000 (the "Second Promissory Note").  *Id.* ¶ 50.  It appears that Defendant FDG is not a party to the second promissory note.  *See* ECF No. [1-8].  Defendant Chanje has not made any payments under the second promissory note, and as such, the full $3,500,000 remains outstanding. ECF No. [1] ¶ 51.

2

Moreover, in connection with the Second Promissory Note, which remains fully outstanding, Plaintiff and Defendant Chanje entered into a Side Letter Agreement, "incorporate[ing] each of the agreements between the parties up until that time, including the Vehicle Agreement, the 2017 Purchase Order, and the [Second] Promissory Note." *Id.* ¶ 57. "The Side Letter Agreement also served as the termination of the 2017 Purchase Order for the remaining 100 vehicles that were not delivered." *Id.* ¶ 57. Moreover, in the Side Letter Agreement, Plaintiff and Defendant Chanje agreed that Plaintiff was "entitled to a full refund of $3,500,000, and further agreed that the refund should be made in the form of a credit deducted from the purchase price of vehicles ordered in a separate purchase order," which "was for the purchase of 900 vehicles that would be leased by FedEx." *Id.* ¶ 59. The Side Letter Agreement states that if Defendant Chanje failed to deliver the vehicles, then the principal amount under the Second Promissory Note would become immediately due. *Id.* ¶ 60. Defendant Chanje failed to deliver the vehicles agreed upon, and as such, the $3,500,000 due under the Second Promissory Note remains outstanding. *Id.* ¶ 61.

On March 17, 2021, Plaintiff filed its Complaint, asserting: (1) one count for breach of contract as to Defendants Chanje and FDG based on their breach of the First Promissory Note for $770,000 (Count I); (2) one count for breach of contract as to Defendants Chanje and FDG based on their breach of the Second Promissory Note for $3,500,000 (Count II); (3) one count for breach of contract as to Defendants Chanje and FDG based on their breach of the Vehicle Agreement and Joinder Agreement (Count III); (4) one count for fraudulent misrepresentation against Defendants Chanje and FDG (Count IV); and (5) one count for unjust enrichment against Defendants Chanje and FDG (Count V). *Id.* at 16–22.

A Clerk's Default has been entered against both Defendants Chanje and FDG based on their failure to respond to the Complaint. ECF Nos. [8], [17]. Thereafter, Plaintiff filed the instant Motion, requesting the entry of default judgment against Defendants Chanje and FDG. ECF No.

[18].  Plaintiff argues that because "Defendants have failed to pay the total amounts of the two promissory notes upon their coming due[,] Defendants owe $270,000 on the [First] Promissory Note and $3,500,000 on the [Second] Promissory Note, totaling an indebtedness of $3,770,000.00."  *Id.* at 6–7.  Plaintiff requests an award of $3,770,000 plus $402.00, the costs for filing the instant action, for a total of $3,770,402.  *Id.* at 7.  In addition, Plaintiff states that it has sufficiently stated a claim for fraudulent misrepresentation and unjust enrichment, but that even if the Court does enter default judgment as to those counts, the breach of contract claims "alone support the relief requested in the form of simple contract breaches."  *Id.* at 11.

In support of its Motion, Plaintiff submitted the declaration of Isabel M. Marini, Plaintiff's Chief Financial Officer.  ECF No. [18-3].  Ms. Marini testified that she was familiar with the business relationship between the Parties and with Defendants' failure to fulfill their obligations pursuant to various agreements with Plaintiff.  *Id.* at 1.  Ms. Marini attests to the execution of the Vehicle Agreement, Joinder Agreement, and two promissory notes.  *Id.* at 2–4.  She states that under the Vehicle Agreement, Plaintiff paid Defendant Chanje an initial deposit of $4,375,000 for all 125 vehicles ordered.  *Id.*  In addition, Ms. Marini notes that once Defendant Chanje delivered 22 of the vehicles ordered, Plaintiff mistakenly paid Defendant Chanje $45,000 per vehicle (the entire cost of the vehicle), rather than the remaining balance due of $10,000 per vehicle.  *Id.* at 4.  As a result, Ms. Marini states that Plaintiff overpaid $35,000 per vehicle for the twenty-two vehicles delivered, for a total overpayment of $770,000.  *Id.*  Ms. Marini states that after the delivery of the twenty-two vehicles, only three more vehicles were delivered by Defendant Chanje.  *Id.*  Thus, Plaintiff seeks a return of $3,500,000, the deposit for the 100 undelivered vehicles.  *Id.* at 4–5.  In addition, Ms. Marini attests that Defendants have only paid $500,000 under the First Promissory Note.  *Id.* at 5.  Moreover, Ms. Marini states that Defendant Chanje has not made any payments under the Second Promissory Note and has failed to perform under the Side Letter

Agreement.  *Id.* at 5–7.  As such, Ms. Marini states that Defendants are indebted to Plaintiff in the amount of $3,770,000.  *Id.* at 9.

## II.    ANALYSIS

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment.  First, subsection (a) provides that the Clerk of Court must enter default when the defendant fails "to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Next, upon the entry of a clerk's default, the Court must enter a judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due . . . ."  *Id.* at 55(b)(1).

A default admits plaintiff's well-plead allegations of fact.  *Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)).  Thus, in determining whether default judgment may be entered, courts must review the allegations in the complaint to determine whether there is a "sufficient basis in the pleadings for the particular relief sought."  *United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (noting that the "sufficient basis" standard is akin to the motion to dismiss standard).

Once liability has been established, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."  *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)) (quotations omitted).  Rule 55 does not require an evidentiary hearing on damages where the amount claimed is either liquidated or capable of arithmetic calculation.  *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 Fed. Appx. 737, 746–47

(11th Cir. 2017) ("[E]videntiary hearings are required in all but limited circumstances, such as when hearing any additional evidence would be truly unnecessary to a fully informed determination of damages") (quotations omitted); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that under Rule 55, district courts are not required to conduct evidentiary hearings).

## A. Breach of Contract (Counts I, II, and III)

In order to state a claim for breach of contract, a plaintiff must establish "(1) a valid contract; (2) a material breach; and (3) damages." *Everglades Ecolodge at Big Cypress, LLC v. Seminole Tribe of Florida*, 836 F. Supp. 2d 1296, 1302 (S.D. Fla. 2011) (quoting *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999)). A material breach is nonperformance of contractual obligations that go to the essence of a contract such that the non-breaching party is discharged from its own obligations. *See MDS (Canada), Inc. v. Rad Source Techs., Inc.*, 822 F. Supp. 2d 1263, 1298 (S.D. Fla. 2011), *aff'd in part, question certified*, 720 F.3d 833 (11th Cir. 2013), *certified question answered*, 143 So. 3d 881 (Fla. 2014), *and aff'd*, 579 Fed. Appx. 700 (11th Cir. 2014). The injured party is entitled to recover damages that naturally flow from the breach and were reasonably contemplated by the parties at the time of contracting. *See ConSeal Int'l Inc. v. Neogen Corp.*, 488 F. Supp. 3d 1257, 1268 n.4 (S.D. Fla. 2020) (quoting *Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002)).

As to Count I for breach of the First Promissory Note, the Complaint has established the elements for breach of contract. Plaintiff alleges that the Parties executed the First Promissory Note, which requires Defendants to pay Plaintiff $770,000, the amount that Plaintiff overpaid for the 22 electric vehicles delivered by Defendant Chanje. ECF No. [1] ¶¶ 28, 41. Plaintiff alleges that Defendants have paid $500,000 under the First Promissory Note but have failed to pay the remaining $270,000 due. *Id.* ¶ 42. As a result, Plaintiff claims that is has been damaged $270,000,

6

the outstanding amount due under the First Promissory Note.  *Id* ¶ 49.  Based on the undersigned's review of the Complaint and the record in this case, including the Note itself, the Court finds that Plaintiff has sufficiently states a claim for breach of contract against Defendants.  The allegations in the Complaint and Ms. Marini's declaration sufficiently establish that Defendants have failed to pay the remaining $270,000 due under the First Promissory Note.  As such, as to this Count, final default judgment should be entered against both Defendants in the amount of $270,000.

As to Count II for breach of the Second Promissory Note and Side Letter Agreement, the Complaint has established the elements of breach of contract only as to Defendant Chanje. Specifically, the Complaint alleges that Plaintiff and Defendant Chanje executed the Second Promissory Note pursuant to which Defendant Chanje was required to pay Plaintif $3,500,000, which was the deposit Plaintiff paid for the 100 vehicles that were never delivered by Defendant Chanje.  *Id.* ¶ 50.  In addition, Plaintiff alleges that it entered into a Side Letter Agreement with Defendant Chanje, "which imposed the conditions of payment for the Note."  *Id.* ¶ 56.  Although Plaintiff states that both Defendants have defaulted under the Second Promissory Note and the Side Letter Agreement, there is no indication that Defendant FDG is a party to any of these agreements.  *See* ECF Nos. [1-8], [1-9].  The Complaint merely suggests that because Defendant FDG was a party to the underlying Vehicle Agreement for the purchase of the 100 vehicles, it now has liability under the Second Promissory Note and the Side Letter Agreement.  *See id.* ¶ 105. However, because Defendant FDG is not a party to the Second Promissory Note or the Side Letter Agreement, it cannot be sued under those contracts.  Accordingly, Plaintiff has sufficiently stated a breach of contract claim as to the Second Promissory Note and Side Letter Agreement and default final judgment should be entered, but only as to Defendant Chanje.  The Court further finds that the Complaint and Ms. Marini's declaration sufficiently establish that Defendant Chanje failed to

make any payments under the Second Promissory Note, and as such, final default judgment should be entered against Defendant Chanje in the amount of $3,500,000.

Finally, as to Count III for breach of the Vehicle Agreement and Joinder Agreement, the Complaint has sufficiently established the elements of breach of contract.  The Complaint alleges that Plaintiff and Defendant Chanje entered into a Vehicle Agreement and that Defendant FDG subsequently executed a Joinder Agreement for the purpose of becoming a party to the Vehicle Agreement.  *Id.* ¶ 107.  The Complaint further alleges that Defendants breached the Vehicle Agreement and subsequent Joinder Agreement because it failed to deliver 100 of the vehicles ordered by Plaintiff, failed to reimburse Plaintiff the initial deposit paid for the vehicles that were never delivered, and failed to reimburse Plaintiff the amount overpaid for the 22 vehicles that were delivered.  *Id.* ¶ 109.  As such, the Complaint alleges that Plaintiff has incurred $3,770,000 in damages (the initial deposit of $3,500,000 plus the overpayment amount of $270,000).  *See id.* ¶ 114.  Based upon the Court's review of the Complaint, the Vehicle Agreement, and the Joinder Agreement, the undersigned finds that Plaintiff has sufficiently stated a breach of contract claim in connection with the Vehicle Agreement and Joinder Agreement against both Defendants.  The Complaint and Ms. Marini's declaration sufficiently set out the amounts paid by Plaintiff in relation to the vehicles actually received.  As such, because Plaintiff is entitled to reimbursement of the monies paid to Defendants for vehicles that were never delivered, final default judgment should be entered against both Defendants as to this Count in the amount of $3,770,000.

### B.  Fraudulent Misrepresentation (Count IV)

In order to state a claim for fraudulent misrepresentation, a plaintiff must show: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury

by the party acting in reliance on the representation." *Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1332 (11th Cir. 2017) (quoting *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010)).

As an initial matter, this Count is premised on the representations made by Defendants, assuring that they would comply with the terms of the two promissory notes.  Because the Court has already recommended that final default judgment be entered as to the breach of contract claims related to the promissory notes, Plaintiff should not be entitled to duplicative recovery on the two promissory notes.  Indeed, this Count appears to be an alternative theory of recovery.  However, should the District Court not enter final default judgment on Plaintiff's breach of contract claims and proceeds to consider this Count, the Court finds that the Complaint sufficiently states a claim for fraudulent misrepresentation.  Specifically, the Complaint states Defendants made false statements when they: (1) assured Plaintiff that they would deliver the subject vehicles while knowing they could not do so; (2) promised to make payments toward the two promissory notes while knowing they could not do so; and (3) assured that if Plaintiff refrained from exercising its rights under the two promissory notes, they would make payments, while knowing they would not so.  ECF No. [1] ¶¶ 116–18.  The Complaint further states that Defendants made these false representations while knowing that they would not deliver the majority of the vehicles contracted for and that they would not make payments under the promissory notes.  *Id.* ¶ 120.  Thus, the Complaint states that Plaintiff has suffered damages because it "did forebear seeking relief." *Id.* ¶ 121.  The Court finds that the Complaint has stated a claim for fraudulent misrepresentation because Plaintiff has sufficiently alleged that Defendants had knowledge that they would not perform under the agreements between the Parties, but they assured Plaintiff that they would perform.  As such, the Complaint sufficiently alleges that Plaintiff suffered damages by "acting in reliance on the representations that Defendants would make payments toward the debt, and by

consequentially forbearing their initiation of proceedings to enforce their rights to collect that debt." *Id.* ¶ 122.

As to damages on this Count, Ms. Marini's declaration suggests that Plaintiff is entitled to $3,770,000, the amount that Defendants have failed to pay under both promissory notes. *See* ECF No. [18-3] ¶ 57. Specifically, Ms. Marini suggests that Plaintiff should be entitled to recover $270,000 for the fraudulent misrepresentations made in connection with the First Promissory Note and $3,500,000 for the fraudulent misrepresentations made in connection with the Second Promissory Note. *See id.* As to the First Promissory Note, the Complaint and Ms. Marini's declaration sufficiently establish that both Defendants made fraudulent misrepresentations with respect to their compliance with the terms of the Note, and as such, final default judgment should be entered against both Defendants as to this Count in the amount of $270,000. As to the Second Promissory Note, the Complaint and Ms. Marini's declaration sufficiently establish that Defendant Chanje made fraudulent misrepresentations with respect to its payment under this Note, and as such, final default judgment should be entered against Defendant Chanje as to this Count in the amount of $3,500,000. Thus, to the extent Plaintiff is not awarded damages for breach of the two promissory notes, final default judgment as to this Count could be entered in the amount of $270,000 against both Defendants, and in the amount of $3,500,000 against Defendant Chanje.

### C. Unjust Enrichment (Count V)

In order to state a claim for unjust enrichment, a complaint must allege: "(1) benefits conferred on defendant by plaintiff, (2) appreciation of such benefits by defendant, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1161 (11th Cir. 2019) (quotations omitted).

Here, the Complaint states that that the unjust enrichment claim is asserted in the alternative to the breach of contract claims.  ECF No. [1] ¶ 124.  Should the District Court not enter final default judgment on the breach of contract claims and proceeds to this claim, the Court finds that the Complaint sufficiently states a claim for unjust enrichment because it alleges that Plaintiff paid the deposit for 125 vehicles, but only 25 vehicles were delivered.  ECF No. [1] ¶ 125.  As such, Defendants have retained the deposit on 100 vehicles without having delivered the vehicles.  *Id.* In addition, the Complaint alleges that Defendants have retained Plaintiff's overpayment for 22 vehicles and have refused to reimburse Plaintiff the amount overpaid.  *Id.*  The Complaint further alleges that Plaintiff agreed forebear enforcing the agreements between the Parties in exchange for Defendants' promises that they would perform under the two promissory notes, but that Defendants have failed to make any payments.  *Id.* ¶¶126–30.  As such, the Complaint states that Defendants have been unjustly enriched in the amount of $3,770,000.  *Id.* ¶131.  The Court finds that the Complaint sufficiently states a claim for unjust enrichment based on Defendants' retention of the $3,700,000 paid by Plaintiff.  Accordingly, to the extent judgment is not entered on the breach of contract claims, default final judgment should be entered as to this count and against both Defendants in the amount of $3,770,000.

## III.    CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Final Default Judgement, ECF No. [18], be **GRANTED IN PART AND DENIED IN PART**, as set forth herein.

## IV.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FIVE (5) DAYS** of being served with a copy of this Report and Recommendation.  The undersigned has shortened the objection period because none of the

Defendants have made any appearance in this lawsuit.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

   **DONE AND SUBMITTED** in Chambers at Miami, Florida, on March 4, 2022.

              _____

              **JACQUELINE BECERRA**
              **United States Magistrate Judge**